UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET M. QUINLAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19 CV 163 CDP ) |
| PARTY CITY CORPORATION, | ) ) |
| Defendant. | ) |

# **MEMORANDUM AND ORDER OF REMAND**

Defendant removed this action from state court invoking this Court's diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Plaintiff moves to remand under 28 U.S.C. § 1447(c), arguing that the removal was defective under 28 U.S.C. § 1446(b)(1) given that defendant failed to file its notice of removal within 30 days of its receipt of the initial pleading. Because defendant's removal was untimely, I will grant the motion to remand.

On November 19, 2018, plaintiff Janet M. Quinlan filed this action in the Circuit Court of St. Louis County, Missouri, against defendant Party City Corporation. On December 5, 2018, Quinlan mailed a copy of the summons and petition to Party City's registered agent at its registered address. Quinlan avers, and Party City does not dispute, that the registered agent received the summons and petition on December 7, 2018. A U.S. Postal Service tracking record supports this averment. (ECF 10-1.) On January 4, 2019, Party City acknowledged its receipt of

the summons and petition, and its notice and acknowledgement was filed with the circuit court that date. Party City removed the case to this Court on February 1, 2019.

As is relevant here, 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is proceeding is based[.]" The parties dispute when Party City was in "receipt" of the initial pleading for purposes of triggering the 30-day removal period. Quinlan contends that receipt occurred on December 7, 2018, when Party City's registered agent received the summons and petition by mail. Party City argues that receipt occurred on January 4, 2019, when it acknowledged such receipt.

Removal statutes must be strictly construed, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941), and any doubt about the propriety of removal must be resolved in favor of remand. *Pender v. Bell Asbestos Mines, Ltd.*, 145 F. Supp. 2d 1107, 1110 (E.D. Mo. 2001). The time limit set out in § 1446(b)(1) is mandatory, "and a timely motion to remand for failure to observe the thirty-day limit will be granted." *McHugh v. Physicians Health Plan of Greater St. Louis, Inc.*, 953 F. Supp. 296, 299 (E.D. Mo. 1997). Removal rules promote expedited identification of the proper tribunal. *Id.* "[T]he purpose of promoting prompt determination of the appropriate tribunal is best served by a clearly defined event that starts the thirty-day removal period. The date on which defendants receive initial pleadings is easily

determined[.]" *Id.* at 300.

The 30-day period for removal under § 1446(b)(1) does not run until a defendant is brought under the court's authority by formal service of process or waiver of such service. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 350 (1999). Mere receipt of the complaint "unattended by any formal service" does not trigger the defendant's time to remove. *Id.* at 347-48. "[I]f the summons and complaint are served together, the 30-day period for removal runs at once." *Id.* at 354.

Under Missouri law, service of summons and petition is made upon a domestic or foreign corporation by, *inter alia*, delivering a copy of the summons and of the petition to any agent authorized by appointment or required by law to receive service of process. Mo. Rev. Stat. § 506.150.1(3). If such service is made by mail, the summons and petition must be accompanied by copies of a "notice and acknowledgement" form. A defendant has 30 days within which to acknowledge receipt of summons and petition. Mo. Rev. Stat. § 506.150.4; Mo. S. Ct. R. 54.16. The defendant's acknowledgement constitutes proof of service. Mo. S. Ct. R. 54.20(a)(3).

There appears to be no method by which a defendant may waive service of process under Missouri law. Although by rule and by statute, a defendant may waive the necessity of service *by an officer*, this "waiver" nevertheless requires the defendant's written acknowledgement of the service of process, with such

acknowledgement to "be deemed as valid as service in the manner provided by law." Mo. Rev. Stat. § 506.150.2; Mo. S. Ct. R. 54.13(c). This acknowledgement, including by mail, constitutes proof of service – not a waiver of service.

Here, there is no dispute that Party City received a copy of Quinlan's summons and petition by mail on December 7, 2018. It executed its acknowledgement of such receipt on January 4, 2019. This acknowledgement was not a waiver of service but instead was proof of formal service. Based on the evidence and information before the Court, this service occurred on December 7, 2018, and the 30-day clock under § 1446(b)(1) was triggered at that time. *Murphy Bros.*, 526 U.S. at 347-48, 350. Party City's removal, which came 56 days after it was formally served, was therefore untimely.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Janet M. Quinlan's Motion for Remand [10] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Louis County, Missouri, from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 12th day of April, 2019.